No. 118,042

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN D. SMITH,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. Likewise, interpretation of the scope of a prior court decision is a question of law subject to unlimited review.

2.

The Kansas Supreme Court's decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), was not a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence in K.S.A. 2017 Supp. 22-3504(3).

3.

For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being compared.

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 14, 2018. Sentence vacated and case remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

MALONE, J.: Shawn D. Smith brings his case to us for the second time following the denial of his motion to correct an illegal sentence. At issue is whether Smith's prior South Carolina burglary conviction should be classified as a person or nonperson offense for criminal history purposes. In his last appeal, we vacated Smith's sentence and remanded the case to the district court to apply a modified categorical approach to determine whether Smith's prior South Carolina conviction should be classified as a person felony. On remand, the district court found the South Carolina burglary conviction to be a person felony and again denied Smith's motion to correct his sentence.

In this appeal, the parties have shifted gears and focus on the Kansas Supreme Court's recent ruling in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). The State does not dispute that under the holding in *Wetrich*, the South Carolina burglary statute is not comparable to the Kansas burglary statute in effect when Smith committed his current crime of conviction. But the State now argues that the holding in *Wetrich* amounts to a change in the law that occurred after Smith was sentenced and cannot form the basis for finding that his sentence is illegal, based on the 2017 amendment to the definition of an "illegal sentence" in K.S.A. 22-3504. Smith in turn argues that the 2017 amendment to K.S.A. 22-3504 does not apply retroactively to his pending case. Smith also argues that the *Wetrich* holding is not a change in the law that occurred after he was sentenced.

In this opinion, we reach no final decision on whether the 2017 amendment to K.S.A. 22-3504 can apply retroactively to Smith's pending case. But we hold that our Supreme Court's ruling in *Wetrich* does not amount to a change in the law within the

2

meaning of the amended statute. Based on the holding in *Wetrich*, we vacate Smith's sentence and remand with directions for the district court to score Smith's South Carolina burglary conviction as a nonperson felony for criminal history purposes.

FACTUAL AND PROCEDURAL BACKGROUND

Smith's case presents a lengthy procedural history with many twists and turns along the way. We begin by setting forth the underlying facts recited in our opinion in Smith's prior appeal:

"In November 2006, a jury found Smith guilty of aggravated kidnapping. The presentence investigation (PSI) report calculated Smith's criminal history score as 'C,' due in part to a 1993 South Carolina conviction identified as 'Burglary of Dwelling 2nd Degree' and classified as an adult person felony. Although Smith objected to his PSI report on other grounds, he did not object to the classification of the South Carolina burglary conviction. On December 19, 2006, the district court sentenced Smith to 272 months' imprisonment with 36 months' postrelease supervision.

"Smith timely pursued a direct appeal. Relevant to his criminal history, Smith argued only that the district court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior convictions to increase his sentence without requiring the State to prove them beyond a reasonable doubt to a jury. *State v. Smith*, No. 97,951, 2008 WL 4416029, at *7-8 (Kan. App. 2008) (unpublished opinion), *rev. denied* 288 Kan. 835 (2009). This court affirmed Smith's conviction and sentence, and our Supreme Court denied Smith's petition for review.

"On June 9, 2014, Smith filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504, arguing that the classification of his 1993 South Carolina burglary conviction as a person felony for criminal history purposes violated our Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The *Murdock* court held that when calculating a defendant's criminal history that includes out-of-state convictions committed prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA), the out-of-state

3

convictions must be classified as nonperson offenses. 299 Kan. 312, Syl. ¶ 5. In the motion, Smith cited K.S.A. 22-3504(1) for the proposition that a court may correct an illegal sentence at any time. On November 13, 2014, Smith's court-appointed attorney filed a motion to correct illegal sentence, also claiming that under *Murdock*, Smith's criminal history was inaccurate and his sentence was illegal.

"The State filed a response to the motions, arguing first that res judicata barred the application of *Murdock* 'in any case where a defendant either challenged or failed to challenge criminal history on direct appeal.' Next, the State asserted that *Murdock* should not be applied retroactively to cases already final because (1) *Murdock* created a new rule of law, (2) retroactive application would not further the underlying principle upon which *Murdock* was based, and (3) retroactive application would cause the State to suffer substantial hardship. On December 16, 2014, the district court filed a motion minutes sheet denying the motions, stating only: 'Court adopts the State's response as its findings of fact and conclusions of law on final cases [.]' Smith timely appealed.

"While Smith's appeal was pending, our Supreme Court overruled *Murdock* in *Keel*. See 302 Kan. 560, Syl. ¶ 9. Smith filed a reply brief, arguing for the first time that he was entitled to relief based on our Supreme Court's decision in *Dickey*, which also was issued while Smith's appeal was pending. Specifically, Smith argued that the classification of his South Carolina burglary as a person offense for criminal history purposes necessarily required judicial factfinding in violation of his constitutional rights as described in *Apprendi* and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and as applied by our Supreme Court in *Dickey*. This court ordered supplemental briefing on whether Smith is entitled to relief under *Dickey*.

"In this opinion, we need not address Smith's original claim that the district court erred in denying his motion to correct illegal sentence based on our Supreme Court's holding in *Murdock*, as *Murdock* has been overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. Likewise, we need not address Smith's argument in his initial brief that the retroactive application of 2015 House Bill 2053 would violate the Ex Post Facto Clause of the United States Constitution because the district court did not deny Smith's motion to correct illegal sentence based on House Bill 2053. Instead, we address only Smith's remaining claim that he is entitled to relief from his sentence based on *Dickey*." *State v. Smith*, No. 113,297, 2016 WL 1391767, at *1-2 (Kan. App.) (unpublished opinion), *rev. denied* 305 Kan. 1257 (2016).

Ultimately, this court vacated Smith's sentence and remanded the case to the district court to apply a modified categorical approach to determine whether Smith's prior conviction could be classified as a person felony. 2016 WL 1391767, at *9. We instructed the district court to examine certain documents to determine whether Smith's prior South Carolina burglary conviction could permissibly count as a person felony for sentencing. 2016 WL 1391767, at *10.

On remand, at a hearing on May 12, 2017, the district court considered six exhibits offered by the State at an earlier hearing to prove Smith's criminal history, including an affidavit and arrest warrant for the South Carolina burglary conviction. The district court found that the South Carolina burglary conviction should be classified as a person felony for criminal history purposes and resentenced Smith to 272 months in prison, the same as his original sentence. Smith once again appealed the district court's ruling.

ANALYSIS

On appeal, Smith's original brief argues that the district court erred in resentencing him for two reasons. First, Smith argues that based on the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), filed after this court's prior decision in Smith's case, the South Carolina burglary statute is not a divisible statute. Thus, Smith argues that the district court was wrong to apply a modified categorical approach to determine whether his prior out-of-state conviction could be classified as a person felony. Second, Smith argues that in determining his prior criminal history, the district court considered documents, including affidavits and arrest warrants, that were beyond the limited class of permissible documents a district court should consider under the modified categorical approach according to *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

5

The State's brief does not address the arguments Smith makes in his original brief. Instead, the State focuses on the Kansas Supreme Court's decision in *Wetrich* issued after Smith filed his original brief. The State asserts that the *Wetrich* court rejected the "common sense" definition of comparable and adopted an "identical-or-narrower" test for the comparability analysis used to classify prior out-of-state offenses for criminal history purposes. The State concedes that *Wetrich* "appears to be on point with respect to Smith's substantive argument regarding the use of the modified categorical approach."

But the State goes on to argue that *Wetrich* does not provide Smith relief because of an amendment to the definition of an "illegal sentence" in K.S.A. 22-3504, effective May 18, 2017. The amendment states that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3). The State argues that the holding in *Wetrich* amounts to a change in the law that occurred after Smith was sentenced and cannot form the basis for finding that his sentence is illegal. As a result, the State concludes that this court "lacks jurisdiction" to consider Smith's claim of an illegal sentence based on the use of the identical-or-narrower rule for the first time on appeal.

In his reply brief, Smith argues that he is entitled to relief under *Wetrich*. Smith argues that the 2017 amendment to K.S.A. 22-3504, which went into effect six days after he was resentenced, cannot be applied retroactively to affect his sentence. He also argues that the *Wetrich* holding does not amount to a change in the law within the meaning of the amended statute.

K.S.A. 2017 Supp. 22-3504(1) states that the court may correct an illegal sentence at any time. A sentence is illegal when it is imposed by a court without jurisdiction; it does not conform to the applicable statutory provision, either in character or punishment; or it is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2017 Supp. 22-3504(3). Smith argues that his sentence is illegal because the district court

6

incorrectly calculated his criminal history. If the criminal history score is incorrect, his sentence does not conform to applicable statutory provision in terms of punishment and is illegal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Whether a sentence is an illegal sentence is a question of law over which an appellate court has unlimited review. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Likewise, interpretation of a statute is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

We begin our analysis by reviewing the statutory scheme in Kansas for determining a defendant's criminal history for sentencing. When determining a defendant's criminal history score, all felony convictions that occurred before the current sentencing are considered. K.S.A. 2017 Supp. 21-6810(a). Prior burglary convictions are specifically addressed in K.S.A. 2017 Supp. 21-6811(d). For a prior burglary conviction to count as a person felony, the sentencing court must find that the prior burglary was a burglary of a dwelling. *Dickey*, 301 Kan. at 1021. But when the sentencing court is making that finding, it must not run afoul of the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

In *Apprendi*, the United States Supreme Court held that a fact, other than the existence of a previous conviction, used to increase a criminal defendant's sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt. 530 U.S. at 490. Failure to follow this rule violates a defendant's federal constitutional rights. 530 U.S. at 490. The Kansas Supreme Court applied *Apprendi* in *Dickey* and held that the dwelling requirement must have been an element of the prior offense, rather than a fact found by the sentencing court in the current case. *Dickey*, 301 Kan. at 1036, 1039.

Kansas' sentencing statutes also specifically address out-of-state convictions in K.S.A. 2017 Supp. 21-6811(e), which provides in part:

7

"(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

(2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction.

. . . .

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

After Smith was resentenced, the Kansas Legislature amended K.S.A. 22-3504, effective May 18, 2017. K.S.A. 2017 Supp. 22-3504(3) now states:

"(3) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. *A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.*" (Emphasis added.)

Also, after Smith filed his initial brief, the Kansas Supreme Court published *Wetrich*, which considered whether the defendant's prior Missouri conviction of second-degree burglary could be classified as a person felony for criminal history purposes. 307 Kan. at 553-54. To resolve the issue, the court construed the term "comparable offenses" in K.S.A. 2017 Supp. 21-6811(e)(3). The court held that "[f]or an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime." 307 Kan. at 562. Essentially, "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

8

The *Wetrich* court emphasized that "the extent to which the federal identical-or-narrower rule is constitutionally mandated after *Apprendi*, *Descamps*, and *Mathis* is a question we need not decide today. We can resolve the issue presented here on the basis of statutory interpretation." 307 Kan. at 558. The court found that the meaning of the term "comparable offenses" in K.S.A. 2017 Supp. 21-6811(e)(3) is ambiguous. 307 Kan. at 559-60. Given the ambiguity the court examined the legislative history of the Kansas Sentencing Guidelines Act (KSGA). 307 Kan. at 560-62. Based on the purposes and objectives of the sentencing guidelines, the court found that the identical-or-narrower test to determine comparable offenses is consistent with the Legislature's original intent when it passed the KSGA. 307 Kan. at 561-62. The court ultimately held that the defendant's prior Missouri burglary conviction could not be scored as a person felony because the Missouri statute for burglary was broader than Kansas' statute. 307 Kan. at 563-64. With this legal background, we will now address the issues presented in this appeal.

*Does the 2017 amendment to K.S.A. 22-3504 apply retroactively to deprive this court of jurisdiction?*

The State argues that this court "lacks jurisdiction" to consider Smith's claim of an illegal sentence because of the 2017 amendment to K.S.A. 22-3504. The State argues that *Wetrich* is a change in the law that occurred after Smith was sentenced and so Smith's sentence is not illegal as a result of that ruling. In response, Smith argues that the 2017 amendment to K.S.A. 22-3504 is not retroactive and does not affect his case. The question of retroactive application of a statute presents an issue of law. See *State v. Brownlee*, 302 Kan. 491, 508, 354 P.3d 525 (2015).

The general rule is that a statute operates prospectively unless (1) the statutory language clearly indicates the Legislature intended the statute to operate retrospectively, or (2) the change is procedural or remedial in nature. *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). But a statute may not

9

be applied retroactively if it would prejudicially affect a party's substantive or vested rights even if the Legislature intended for it to apply retroactively. See *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011). There are three factors to determine if the law violates a party's vested rights: "'(1) the nature of the rights at stake (e.g., procedural, substantive, remedial), (2) how the rights were affected (e.g., were the rights partially or completely abolished by the legislation; was any substitute remedy provided), and (3) the nature and strength of the public interest furthered by the legislation.'" 293 Kan. at 460 (quoting *Resolution Trust Corp. v. Fleischer*, 257 Kan. 360, 369, 892 P.2d 497 [1995]).

This court addressed the retroactive application of the 2017 amendment to K.S.A. 22-3504 in *State v. Dawson*, 55 Kan. App. 2d 109, 116-18, 408 P.3d 995 (2017), *rev. granted* 308 Kan. __ (June 26, 2018). The *Dawson* court observed that the amendment to K.S.A. 22-3504 has no express language showing the Legislature intended the statute to apply retroactively. 55 Kan. App. 2d at 116. Even so, the court held that the amendment "clearly constitute[d] a clarification of the term 'illegal sentence,' which is used in K.S.A. 22-3504(1)." 55 Kan. App. 2d at 116. The court concluded that the "2017 amendment to K.S.A. 22-3504 is procedural and applies retroactively." 55 Kan. App. 2d at 117; see also *State v. Smith*, No. 117,237, 2018 WL 2271412, at * 3 (Kan. App. 2018) (unpublished opinion) (following *Dawson* that the amendment applies retroactively).

The Kansas Supreme Court's most recent effort at engaging in retroactivity analysis is *White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). In *White*, the issue was whether the 2016 amendment to K.S.A. 60-1507(f) defining the term "manifest injustice" applied retroactively to motions filed before the amendment went into effect on July 1, 2016. The court acknowledged that it has described K.S.A. 60-1507(f) as a "'statute of limitations.'" 308 Kan. at 499. The court also observed that while a statute of limitations is a procedural rule, which means changes typically apply retroactively, a change to the statute of limitations does not have retroactive effect if it eradicates a vested right. 308

10

Kan. at 499. The court engaged in a lengthy analysis of whether the amendment to K.S.A. 60-1507(f) eradicated a vested right for a person who wanted to file an untimely motion under that statute. The court ultimately held that the amendment to the statutory definition of manifest injustice did not apply retroactively. 308 Kan. at 503.

Of particular interest in *White* is the Supreme Court's discussion of our court's published opinion in *Dawson*, which reasoned that the 2017 amendment to K.S.A. 22-3504 merely clarified the existing statute on the definition of illegal sentence, as opposed to changing the statute. 308 Kan. at 502-03. The *White* court emphasized that this exception to the general rule that a statutory amendment operates prospectively "has tight parameters." 308 Kan. at 503. The *White* court went on to state that "even if we were to decide to adopt this exception as part of Kansas law, a decision we need not make today, it would not apply to the 2016 amendments to 60-1507." 308 Kan. at 503.

Without engaging in any further analysis, we reach no final decision on whether the 2017 amendment to K.S.A. 22-3504 can apply retroactively to Smith's pending case. We need not resolve this issue because, for reasons we will state in the next section of this opinion, we find that our Supreme Court's ruling in *Wetrich* does not amount to a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence. But before proceeding with that analysis, we reject the State's claim that the 2017 amendment to K.S.A. 22-3504 defining an illegal sentence, even if it applies retroactively to Smith's case, deprives this court of jurisdiction to consider Smith's sentencing issue. The State does not cite any legal authority supporting its position that the amendment is jurisdictional. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief an issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Moreover, the court in *Dawson* expressly stated that the amendment "does not affect a court's subject matter jurisdiction." 55 Kan. App. 2d at 116.

11

*Was the decision in* Wetrich *a change in the law?*

As stated above, the 2017 amendment to K.S.A. 22-3504(3) states that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." The State argues that *Wetrich* is a change in the law that occurred after Smith was sentenced as contemplated by K.S.A. 2017 Supp. 22-3504(3), and so Smith's sentence is not illegal as a result of that ruling. Smith argues that *Wetrich* merely interpreted an existing statute based on language in the original KSGA.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Collins*, 303 Kan. at 473-74. Likewise, interpretation of the scope of a prior court decision is a question of law subject to unlimited review. *Wimbley v. State*, 292 Kan. 796, 802, 275 P.3d 35 (2011).

Our Supreme Court emphasized that the *Wetrich* decision was based on statutory interpretation. 307 Kan. at 558. The United States Supreme Court has held that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express., Inc.*, 511 U.S. 298, 312-13, 114 S. Ct. 1510, 128 L. Ed. 2d 274 (1994). Based on this reasoning, the Kansas Supreme Court did not change the law in *Wetrich*. Instead, the court's decision is better characterized as reinterpreting the meaning of the term "comparable offenses" within the KSGA. See *Rivers*, 511 U.S. at 312-13.

The Kansas statutory scheme for classifying out-of-state convictions as person or nonperson crimes for criminal history purposes has not changed since the KSGA went into effect in 1993. The original KSGA provided that "[t]he state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson *comparable offenses* shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

12

(Emphasis added.) K.S.A. 1993 Supp. 21-4711(e). The current KSGA contains almost identical language and still employs the scheme of referring to "comparable offenses" for classifying out-of-state convictions as person or nonperson crimes for criminal history purposes. See K.S.A. 2017 Supp. 21-6811(e)(3).

In *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014), our Supreme Court construed K.S.A. 21-4711(e) and stated that the Kansas crime that was "'the closest approximation'" of the out-of-state crime was a comparable offense and that crimes need not have identical elements to be comparable for making the person or nonperson designation. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). But in *Wetrich*, the court reexamined the same statutory language and held that for an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being compared. 307 Kan. at 562.

Our Supreme Court's holding in *Wetrich* is a reinterpretation of an existing statute and not a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence in K.S.A. 22-3504. Simply put: the KSGA and its reference to the term "comparable offenses" has not changed since Smith was originally sentenced in 2006. The only thing that may have changed is our Supreme Court's interpretation of the KSGA. But a judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as after the decision. See *Rivers*, 511 U.S. at 312-13. As previously stated, the *Wetrich* court found that the identical-or-narrower test was the intent of the Legislature when it passed the KSGA based on the legislative history of the Act and the purposes and objectives of the sentencing guidelines. 307 Kan. at 561-62.

Even if the *Wetrich* decision applied a constitutional analysis—and our Supreme Court expressly stated that it did not—it remains questionable whether the ruling in that case amounted to a change in the law within the meaning of the 2017 amendment to the

13

definition of an illegal sentence in K.S.A. 22-3504. *Wetrich* was merely identifying the correct rule set out in *Dickey*, 301 Kan. 1018. See *Wetrich*, 307 Kan. at 556. Our court has previously held that *Dickey* itself was not a change in the law but was merely an application of *Apprendi*. See *State v. Martin*, 52 Kan. App. 2d 474, 484, 369 P.3d 959 (2016). The bedrock constitutional principle that a court cannot engage in judicial fact-finding to increase a criminal defendant's sentence has been in force since *Apprendi* was decided in 2000, well before Smith was originally sentenced in 2006.

We hold that our Supreme Court's decision in *Wetrich* was not a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence in K.S.A. 22-3504. Since 1993, the law in Kansas has required a sentencing court to refer to comparable offenses when designating a prior crime as person or nonperson for criminal history purposes. See K.S.A. 1993 Supp. 21-4711(e). This law has not changed after Smith's sentence was pronounced. Therefore, the 2017 amendment to K.S.A. 22-3504 does not stop this court from analyzing whether Smith's sentence is illegal under the identical-or-narrower rule set out in *Wetrich*.

*Was Smith's sentence illegal under the rule set out in* Wetrich*?*

Although the State does not dispute the point, we will briefly analyze whether Smith's sentence is illegal under the rule set out in *Wetrich*. Under the identical-or-narrower rule, a defendant's prior out-of-state conviction can only be scored as a person felony for criminal history purposes if the prior crime's elements are identical to, or narrower than, the elements of the comparable Kansas crime. *Wetrich*, 307 Kan. at 562.

In 1993, the South Carolina burglary statute stated, in relevant part:

> "(A) A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.

14

"(B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:

"(1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:

(a) Is armed with a deadly weapon or explosive; or

(b) Causes physical injury to any person who is not a participant in the crime; or

(c) Uses or threatens the use of a dangerous instrument; or

(d) Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

"(2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

"(3) The entering or remaining occurs in the nighttime." S.C. Code Ann. § 16-11-312 (2003).

The Kansas burglary statute in effect when Smith committed his current crime of conviction stated:

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715.

South Carolina defined a dwelling, at that time, as a

"dwelling house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings,

15

sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels." S.C. Code Ann. § 16-11-10 (2003).

Kansas defined a dwelling as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 21-3110(7).

South Carolina's definition of a burglary of a dwelling is significantly broader than Kansas' definition during the time in question. Under the South Carolina definition of burglary, a defendant could be convicted of a burglary of any outbuilding within 200 yards of a dwelling. S.C. Code Ann. § 16-11-312; S.C. Code Ann. § 16-11-10. South Carolina's definition is also broader with the issue of intent. Under the South Carolina law, Smith could have been convicted for entering with the intent to commit any crime. See S.C. Code Ann. § 16-11-312. In contrast, to be convicted of burglary in Kansas requires a defendant to have "intent to commit a felony, theft or sexual battery." See K.S.A. 21-3715.

Because the South Carolina burglary statute that Smith was convicted under is not identical to or narrower than the Kansas burglary statute in effect when Smith committed his current crime of conviction, his prior South Carolina burglary cannot be scored as a person felony for criminal history purposes. See *Wetrich*, 307 Kan. at 562. The district court erred in finding otherwise. Based on the holding in *Wetrich*, which we are duty bound to follow, we vacate Smith's sentence and remand for resentencing with directions to classify Smith's South Carolina burglary conviction as a nonperson felony for criminal history purposes. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (Court of Appeals is duty bound to follow Kansas Supreme Court precedent).

Sentence vacated and case remanded with directions.

16