IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,315

STATE OF KANSAS,
*Appellee*,

v.

JIMMY LEE MURDOCK,
*Appellant.*

SYLLABUS BY THE COURT

Under K.S.A. 22-3504, the legality of a sentence is controlled by the law in effect at the time the sentence was pronounced. Therefore, a sentence that was legal when pronounced does not become illegal if the law subsequently changes.

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed April 19, 2019. Reversed and remanded with directions.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause, and *Patrick H. Dunn,* of the same office, was on the briefs for appellant.

*Steven J. Obermeier*, assistant solicitor general, argued the cause, and *Michael F. Kagay,* district attorney, *Brett Watson*, deputy district attorney, and *Derek Schmidt,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.:  This is Jimmy Lee Murdock's second appeal to this court. In his first appeal, Murdock argued the district court miscalculated his criminal history score when it

1

classified his two out-of-state offenses as person crimes, resulting in a criminal history score of A. *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). We agreed, holding Murdock's prior out-of-state convictions must be scored as nonperson offenses. *Murdock*, 299 Kan. at 319. At resentencing, the Shawnee County District Court followed our mandate in *Murdock*, scored Murdock's prior out-of-state convictions as nonperson felonies, and found he had a criminal history score of C. Shortly after, *Keel* overruled *Murdock*, and the State moved to correct Murdock's sentence. The district court granted the motion and sentenced Murdock a third time, finding a criminal history score of A.

On appeal, Murdock argues his second sentence was legally imposed under *Murdock*, and it did not become illegal after *Keel* changed the law. We agree and hold the legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. Accordingly, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

As *Murdock* summarized:

"Murdock pleaded guilty to two counts of aggravated robbery and one count of robbery for crimes occurring in December 2008. To calculate his sentence, the district court found Murdock had two Illinois robbery convictions from 1984 and 1990 and a 1996 Kansas robbery conviction. It classified all three prior convictions as person offenses, which gave Murdock three or more adult convictions for person felonies. This treatment placed him in criminal history category A under K.S.A. 21-4709. Murdock was sentenced to 233 months' imprisonment for the first aggravated robbery conviction and concurrent 36-month sentences for the remaining two convictions. He would have fallen within criminal history category C if the two out-of-state convictions had been designated

2

as nonperson offenses, resulting in a lesser sentence. See K.S.A. 21-4709; K.S.A. 21-4704." 299 Kan. at 313.

At the time of Murdock's current offense, K.S.A. 21-4711(e) governed the classification of out-of-state convictions for criminal history purposes. K.S.A. 21-4711(e) stated: "The state of Kansas shall classify the [prior out-of-state] crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." The core question in *Murdock* was, when should the "comparable offense" under the Kansas Sentencing Guidelines Act (KSGA) be determined—on the date the prior out-of-state crime was committed, or on the date the current Kansas crime was committed? Following *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), *overruled by Keel*, 302 Kan. 560, the *Murdock* court declared "the comparable Kansas offense should be determined as of the date the out-of-state offenses were committed." *Murdock*, 299 Kan. at 317. Applying this rule, we held Murdock's out-of-state convictions must be scored as nonperson offenses because they were committed before the KSGA—and its distinction between person and nonperson crimes—was enacted. 299 Kan. at 319. Thus, we reversed and remanded with directions to "classify the prior out-of-state convictions as nonperson offenses." 299 Kan. at 319. The mandate issued in October 2014.

The Shawnee County District Court resentenced Murdock in February 2015. In accordance with our mandate, the district court classified Murdock's out-of-state robberies as nonperson felonies, found he had a criminal history score of C, and sentenced him to a total of 102 months' imprisonment. The State did not object to Murdock's new criminal history score or appeal his new sentence.

Six months later we decided *Keel*, which overruled *Murdock* and *Williams* to hold: "The comparable post-KSGA Kansas criminal statute is the one in effect at the time the

3

current crime of conviction was committed," and as a result, "the classification of a prior conviction . . . for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." *Keel*, 302 Kan. 560, Syl. ¶¶ 8-9. A few days after we decided *Keel*, the State filed a motion to correct an illegal sentence, asking the district court to sentence Murdock (for the third time) and classify his out-of-state crimes as person felonies, which would result in a criminal history score of A (yet again).

The State argued Murdock's out-of-state robberies should have been scored as person felonies based on *Keel*. Alternatively, the State argued that recent amendments to the KSGA, which went into effect after Murdock was resentenced, dictated the same result. See K.S.A. 2015 Supp. 21-6810(d)(2) ("Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed."); K.S.A. 2015 Supp. 21-6811(e)(3) ("The state of Kansas shall classify the [out-of-state] crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime."); H.B. 2053 (2015); L. 2015, ch. 5, §§ 1 and 2 (effective April 2, 2015). To avoid retroactivity concerns, the State claimed *Keel* and H.B. 2053 did not change the law; instead, they merely recognized or clarified the KSGA's existing requirements.

Murdock replied that his new sentence was lawful at the time it was imposed, in accordance with the mandate; it was final because the State failed to appeal it; *Keel* and H.B. 2053 changed the law; and these changes could not apply retroactively to render his sentence illegal. He also claimed res judicata or law of the case barred the motion, and

retroactive application of H.B. 2053 would violate the Ex Post Facto Clause. The State countered that preclusionary doctrines did not apply because an illegal sentence may be corrected "at any time." See K.S.A. 22-3504.

The district court held a hearing on the motion and took the matter under advisement. The court later issued a memorandum decision granting the State's motion on two grounds. First, the court treated the law of the case as the applicable preclusionary doctrine and ruled that "the law of the case does not appear to bar a claim which, if true, would render a sentence illegal." Second, the court concluded that Murdock's sentence was illegal under *Keel*, reasoning:

> "Under the *Keel* interpretation of the KSGA, Murdock's two out-of-state robberies prior to 1993 should have been classified during the resentencing as person felonies (the classification determined by this court in the original sentencing of Murdock). In other words, Murdock's criminal history at the resentencing was incorrect and therefore his sentencing was illegal."

Thus, the district court seemed to adopt the State's view that *Keel* did not change the law, and Murdock's second sentence was illegal at the time it was imposed. The court declined to address H.B. 2053's retroactivity.

The district court sentenced Murdock for the third time in January 2017. Applying *Keel*, the court found Murdock had a criminal history score of A, and Murdock objected. Then the court sentenced Murdock to a total of 233 months' imprisonment, as before. Murdock promptly appealed.

While Murdock's case was pending in the Court of Appeals, the Legislature passed the following amendment to K.S.A. 22-3504:

"'Illegal sentence' means a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. *A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced*." (Emphasis added.) K.S.A. 2018 Supp. 22-3504(3); L. 2017, ch. 62, § 9 (effective May 18, 2017).

For the first time on appeal, Murdock argues the italicized portion above applies retroactively to prevent *Keel* and H.B. 2053 from making his second sentence illegal.

Before the Court of Appeals held oral argument, we transferred Murdock's case to our court sua sponte. A few months after we transferred the case, Murdock filed a motion for supplemental briefing based on our new decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), which held that, "[f]or an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime . . . must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. Murdock now argues in the alternative that his out-of-state offenses must be classified as nonperson crimes because Kansas lacks offenses "comparable" to them. We granted Murdock's motion to raise this argument.

ANALYSIS

The threshold question in this case is whether the legality of a sentence under K.S.A. 22-3504 is fixed at a discrete moment in time or is a moving target. Put another way, can a once legal sentence become illegal when the law changes?

Murdock argues his second sentence was legal when imposed because it followed *Murdock*'s mandate, and it cannot become "illegal" after that point in time. The State does not contest that Murdock's second sentence conformed to *Murdock*'s mandate. Instead, the State argues *Murdock* misstated the law (or was, at least, an aberration of law), and as

6

a result, Murdock's second sentence was illegal at the time it was imposed. Further, the State claims *Keel* controls without retroactive application because it did not change the law; in fact, the *Keel* holding was the law all along. In the alternative, the State argues Murdock's second sentence became illegal after *Keel* was decided.

The answer to this threshold question informs the applicability of preclusionary doctrines to K.S.A. 22-3504 motions. For that reason, we take the unusual step of analyzing the merits of the State's illegal sentence claim first.

Whether Murdock's prior convictions were misclassified, resulting in an incorrect criminal history score and thus an illegal sentence, is a question of statutory law over which we exercise unlimited review. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

K.S.A. 22-3504(1) states, "The court may correct an illegal sentence at any time." The phrase "at any time" means there is no time restriction for filing a motion to correct an illegal sentence. *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008); see, e.g., *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) (concluding "a motion to correct an illegal sentence may be raised at any time," and "it is not subject to the same time constraints as a K.S.A. 60-1507 motion"). In other words, this phrase simply answers the question, when can an illegal sentence be corrected? At any time. K.S.A. 22-3504 does not say a sentence may *become* illegal at any time.

Admittedly, our caselaw has not clearly stated whether the legality of a sentence under K.S.A. 22-3504 is based on the law in effect at sentencing or the law as it evolves indefinitely. Though we have not squarely confronted the question before, we came close in *State v. Lee*, 304 Kan. 416, 372 P.3d 415 (2016). There, the defendant argued his hard 40 sentence for murder was illegal because a judge, rather than a jury, determined the aggravating factors outweighed the mitigating factors, in violation of *Alleyne v. United*

7

*States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). We rejected this argument because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision. *Lee*, 304 Kan. at 417-18. But the defendant also tried to frame his argument as a nonconstitutional challenge. We rejected this approach as well, stating:

> "As artfully crafted as his arguments are, they all seek application of later caselaw to the statute that was in effect at the time that he was sentenced. Lee was sentenced under a statute that did not, at the time, conflict with any higher court decision on the jury-determination question." 304 Kan. at 418.

Thus, *Lee* indicated that the law in effect when a sentence was pronounced determines whether that sentence is "illegal" under K.S.A. 22-3504.

Indeed, our longstanding definition of an "illegal sentence" suggests a sentence that was legal at the time it was imposed cannot later become illegal when the law changes. For example, and most relevant here, we have often held an illegal sentence includes one "that does not conform to the statutory provisions, either in character or the term of the punishment authorized." *State v. Sims*, 306 Kan. 618, 620, 395 P.3d 413 (2017); see K.S.A. 2018 Supp. 22-3504(3); L. 2017, ch. 62, § 9 (effective May 18, 2017) (codifying the definition). According to the State, an illegal sentence would also include one that does not conform to a future, unwritten, unknown statute at sentencing (and at resentencing, and at the next resentencing, and so on, as long as applicable statutes are amended). This view stretches the definition of an illegal sentence beyond its reasonable bounds and provides no logical endpoint. On the contrary, our existing definition implicitly recognizes that a district court judge must sentence a defendant according to the law *in effect at the time*.

Today, we clearly state what we gestured toward in *Lee*: the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law.

Here, we pause to note that today's holding does not disturb our longstanding rule that in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending. See, e.g., *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ("[I]t is generally true that changes in the law apply prospectively and only to cases on direct review."). To the extent our prior caselaw confused the procedural mechanism of a direct appeal with a motion to correct an illegal sentence, we now clarify the distinction. Put simply, a party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal, but a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced. Because existing precedent dictates this outcome, we need not decide whether K.S.A. 2018 Supp. 22-3504(3) applies retroactively.

The holding we announce today—that the legality of a sentence is determined by the law in effect at the time the sentence was pronounced—is important for courts to consider when deciding the applicability of a preclusionary doctrine to a successive motion to correct an illegal sentence. As a general rule, a prior judicial determination of the legality of a sentence—based on the law in effect at the time the sentence was pronounced—will preclude later efforts to relitigate the identical claim. See *State v. Alonzo*, 296 Kan. 1052, 1057, 297 P.3d 300 (2013) ("[I]n the situation where a party seeks to correct an illegal sentence, claim preclusion doctrines have generally been applied only when the issue has been previously raised."); *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) ("A motion to correct an illegal sentence cannot be used as a

vehicle to 'breathe new life' into an appellate issue previously determined against the defendant."). There are times, however, when subsequent developments in the law might undermine an earlier merits determination. That is, true *changes* in the law cannot transform a once legal sentence into an illegal sentence, but developments in the law may shine new light on the original question of whether the sentence was illegal when pronounced. In the latter case, the "at any time" language of K.S.A. 22-3504(1) permits a party to advance a successive motion to correct an illegal sentence premised on developments in the law that show the earlier determination was wrong on the merits.

In sum, K.S.A. 22-3504 does not give either party the benefit of later changes in the law, but it does give both parties the opportunity to revisit a merits determination of legality in the limited circumstance when there is reason to think that determination was wrong in the first instance. A party filing a successive motion to correct an illegal sentence bears a threshold burden to prove that a subsequent development in the law undermines the earlier merits determination. A successive motion that merely seeks a "second bite" at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules.

Here, we need not decide whether the State's motion is barred by a preclusionary doctrine because we can easily conclude that Murdock's second sentence was legal when pronounced. First, Murdock's second sentence was legally imposed according to our *Murdock* mandate. We reject the State's argument that *Murdock* was simply an aberration or "oops" in the law. Instead, *Murdock* was controlling law (albeit for a short window of time) and in effect when Murdock's second sentence was pronounced. Second, *Keel* changed the law because it explicitly overruled *Murdock*'s holding that prior out-of-state crimes must be scored as nonperson offenses. *Keel*, 302 Kan. at 589. As a result, *Keel* does not render Murdock's second sentence illegal, and his prior out-of-state crimes were correctly classified as nonperson felonies under *Murdock*. However, we acknowledge that *Keel* controls for defendants sentenced after *Keel* was decided.

10

In conclusion, we hold Murdock's second sentence was lawfully imposed, and our subsequent decision in *Keel* does not render that sentence illegal. Given this, we need not consider *Wetrich*'s applicability or H.B. 2053's retroactivity. We reverse and remand with directions to reinstate Murdock's lawful sentence.

Reversed and remanded.

LUCKERT, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

BILES, J., concurs in the result.

---

[1]**REPORTER'S NOTE:**  Senior Judge Malone was appointed to hear case No. 117,315 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.

11