IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,098

STATE OF KANSAS,
*Appellee*,

v.

CLYDE LACY NEWTON JR.,
*Appellant.*

SYLLABUS BY THE COURT

1.

The Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq., uses prior out-of-state convictions when calculating a person's criminal history. Under the Act, the State classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code. If the Kansas criminal code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

2.

The legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. Therefore, a sentence that was legal when pronounced does not become illegal if the law subsequently changes.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 21, 2017. Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed June 7, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

1

*Anna M. Jumpponen*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.:  Clyde Lacy Newton Jr. argues the person felony classification given to his prior California robbery conviction made his sentence in this Kansas criminal case illegal when determining his criminal history score. He urges us to follow *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018) (elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced). The State argues *Wetrich* is inapplicable, noting the Legislature amended the statute governing motions to correct an illegal sentence to provide that "a change in the law that occurs after the sentence is pronounced" does not make a sentence "'illegal.'" K.S.A. 2018 Supp. 22-3504(3). But this appeal's resolution does not lay at the end of either of those analytical paths.

Instead, we follow *State v. Murdock,* 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*) (holding sentence that was legal when pronounced does not become illegal if the law subsequently changes). And based on that, Newton's 1977 California robbery conviction was properly classified as a person felony under our caselaw in 2008 when his sentence in the Kansas case became final. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding "the comparable offense" was "the closest approximation" to the out-of-state crime), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Newton pleaded guilty to one count of attempted rape, a severity level 3 person felony. At sentencing, the district court determined he had a criminal history score of B, in part due to a 1977 California robbery conviction, which the Kansas court classified as a person felony. The court granted Newton's motion for durational departure and sentenced him in 2008 to 168 months in prison and lifetime postrelease supervision. Newton did not appeal his sentence.

In 2014, Newton filed a motion to correct an illegal sentence. He argued the district court incorrectly calculated his criminal history score by classifying some pre-1993 convictions as person felonies contrary to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). The court denied the motion, concluding *Murdock I* did not apply retroactively. Newton appealed.

Before Newton filed his opening appellate brief, *Keel* overruled *Murdock I*. Adapting, he claimed his sentence was illegal for two other reasons: (1) his 1977 California robbery conviction could not be classified as a person felony without engaging in improper fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and (2) the district court improperly imposed mandatory lifetime postrelease supervision. The panel rejected both arguments. *State v. Newton*, No. 116,098, 2017 WL 3113025 (Kan. App. 2017) (unpublished opinion).

As to Newton's criminal history score, applying *Vandervort* the panel held the district court properly scored his California conviction as a person felony. In doing so, it noted Kansas law classifies robbery as a person offense, but that California's robbery statute is broader than the Kansas crime because it includes threats to a person or

3

property. Nevertheless, the panel held the crimes were similar enough in the nature and type of criminal conduct covered so the district court did not err. 2017 WL 3113025, at *2. The panel further concluded the classification did not violate *Apprendi* and then rejected his second issue regarding postrelease supervision. 2017 WL 3113025, at *2-3.

Newton petitioned for review. While review was pending, we decided *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018), which held the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime to be comparable to an offense under the Kansas criminal code within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3). We granted review of Newton's criminal history challenge but denied review of his postrelease supervision argument.

In our review order, we directed the parties to respond to the *Wetrich* development, which they did. Newton agrees *Wetrich* controls, but the State disagrees. It notes in 2017 the Legislature amended the statute authorizing corrections of illegal sentences to provide that "a change in the law that occurs after the sentence is pronounced" does not render that sentence illegal. K.S.A. 2018 Supp. 22-3504(3); L. 2017, ch. 62, § 9. The State characterizes *Wetrich* as a change in the law and maintains the 2017 amendment operates retroactively to Newton's 2014 motion to correct an illegal sentence. Newton responds *Wetrich* did not change the law, and even if it did, the statutory revision should not apply retroactively because that would create several constitutional issues, such as violating the Ex Post Facto Clause of the United States Constitution.

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

4

ANALYSIS

Under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq., a prior out-of-state conviction must be classified as either a "person" or "nonperson" crime. K.S.A. 21-4711(e) provides:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. *In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime.* Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." (Emphasis added.)

In *Murdock II*, the district court sentenced the defendant three times. The second was in response to our mandate after *Murdock I*. The district court followed that mandate, and the State did not appeal and the second sentence became final. Six months later, we decided *Keel*, which overruled *Murdock I*. A few days after that, the State moved to correct Murdock's sentence based on *Keel*, and the district court sentenced him for the third time.

The *Murdock II* court reversed, repudiating the State's effort at a third sentencing. The *Murdock II* court held:

5

"[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

At the time Newton was sentenced, Kansas caselaw construed K.S.A. 21-4711(e) to mean "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical." *Vandervort*, 276 Kan. at 179. "[T]he comparable offense" was "the closest approximation" to the out-of-state crime. 276 Kan. at 179. In *Murdock II*'s wake, he cannot argue *Wetrich* makes his sentence, which was legal when it was imposed, illegal.

Affirmed.

LUCKERT, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 116,098 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.