MODIFIED OPINION[1]

No. 119,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL EDWARD HENDERSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review.

2.

Under K.S.A. 2018 Supp. 22-3504, the legality of a sentence is controlled by the law in effect when the sentenced was pronounced. Thus, a sentence that was legal when pronounced does not become illegal if the law later changes.

3.

The Kansas Supreme Court's decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), was a change in the law within the meaning of the definition of an illegal

---

[1]**REPORTER'S NOTE**:  Opinion No. 119,172 was modified by the Court of Appeals on July 9, 2019, in response to the State's Motion for Rehearing or Modification filed June 13, 2019.

sentence in K.S.A. 2018 Supp. 22-3504(3). So if a defendant's sentence was legal when it was pronounced, the sentence does not become illegal based on the holding in *Wetrich*.

Appeal from Thomas District Court; GLENN D. SCHIFFNER, judge. Original opinion filed May 31, 2019. Modified opinion filed July 9, 2019. Affirmed.

*Carol Longenecker Schmidt* and *James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Rachel Lamm*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

MALONE, J.:  Michael E. Henderson appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. But this appeal is not about the probation revocation order. For the first time on appeal, Henderson claims his original sentence imposed on January 7, 2015, is illegal because the district court erred in classifying his 2005 Mississippi conviction of burglary of a dwelling as a person offense for criminal history purposes. In an unpublished memorandum opinion filed on May 31, 2019, we vacated Henderson's sentence and remanded for resentencing with directions to classify the Mississippi burglary conviction as a nonperson felony. *State v. Henderson*, No. 119,172, 2019 WL 2306621 (Kan. App. 2019) (unpublished opinion).

The State timely moved for rehearing or modification based on *State v. Newton*, 309 Kan. ___, ___ P.3d ___ (No. 116,098, 2019 WL 2399484, filed June 7, 2019). Henderson responded and argued that we should either (1) deny the State's motion because the State waived its newly asserted argument, or (2) even if we address the State's newly asserted argument, we should still find that Henderson's Mississippi burglary conviction should be scored as a nonperson felony. For the reasons stated in this modified opinion, we grant the State's motion for rehearing or modification, and we now

2

conclude the district court did not err in classifying Henderson's 2005 Mississippi burglary conviction as a person offense for criminal history purposes. As a result, we reject Henderson's claim that his sentence is illegal.

We will briefly state the facts. On September 19, 2012, the State charged Henderson with one count of possession of methamphetamine with intent to distribute. Henderson later pled guilty as charged. The amended presentence investigation (PSI) report listed a 2005 Mississippi conviction for "burglary of a dwelling" and classified it as a person felony resulting in a criminal history score of C. On January 7, 2015, based on Henderson's criminal history score, the district court sentenced him to 68 months' imprisonment but granted a dispositional departure to probation for 36 months.

During his probation term, Henderson served two three-day "quick dips" for probation violations as well as a 180-day intermediate prison sanction. The State later moved to revoke Henderson's probation, and he stipulated to using controlled substances and failing to report to his probation officer. On April 24, 2017, the district court revoked Henderson's probation and ordered him to serve the remainder of his prison sentence. In the journal entry of probation revocation, the district court did not award credit for time served during Henderson's 180-day intermediate sanction. Henderson timely appealed.

On appeal, Henderson first claims the district court erred in failing to award jail credit for 105 days of the 180-day intermediate sanction he was ordered to serve while on probation. The State has conceded this claim and filed a second nunc pro tunc journal entry on January 24, 2019, which awarded credit for the extra 105 days. Thus, this issue has been resolved in Henderson's favor and we need not address it further.

Next, Henderson claims the district court erred in calculating his criminal history score by classifying his 2005 Mississippi conviction of burglary of a dwelling as a person felony instead of a nonperson felony, making his sentence illegal under K.S.A. 2018

3

Supp. 22-3504. Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Likewise, interpretation of a statute is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Henderson claims his sentence is illegal under K.S.A. 2018 Supp. 22-3504, which states in part:

> "(1) The court may correct an illegal sentence at any time. . . .
>
> . . . .
>
> (3) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. *A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced*." (Emphasis added.)

We note that the 2019 Kansas Legislature amended K.S.A. 22-3504. L. 2019, ch. 59, § 15. The amendment became effective on publication in the Kansas Register on May 23, 2019. The statute now provides in part:

> "(a) The court may correct an illegal sentence at any time *while the defendant is serving such sentence*. . . .
>
> . . . .
>
> "(c) *For the purpose of this section:*
>
> (1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence was pronounced.
>
> *(2) 'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion issued while the sentence is pending an appeal from the judgment of conviction.*

4

"*(d) The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively.*" (Emphasis added.)

Henderson is challenging the legality of his sentence for the first time on appeal from his probation revocation. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But K.S.A. 2018 Supp. 22-3504(1) provides that "[t]he court may correct an illegal sentence at any time." The 2019 amendment to K.S.A. 22-3504 provides that "[t]he court may correct an illegal sentence at any time while the defendant is serving such sentence." L. 2019, ch. 59, § 15(a). Henderson is still serving his sentence. So because of the statutory mandate that the court may correct an illegal sentence at any time the defendant is still serving the sentence, we will address Henderson's claim for the first time on appeal from his probation revocation. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

We begin our analysis by reviewing the statutory scheme in Kansas for determining a defendant's criminal history for sentencing in the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq. When determining a defendant's criminal history score, all felony convictions that occurred before the current sentencing are considered. K.S.A. 2018 Supp. 21-6810(a). Prior burglary convictions are addressed in K.S.A. 2018 Supp. 21-6811(d). Under K.S.A. 2018 Supp. 21-6811(d), a prior burglary offense will only be classified as a person felony for criminal history purposes if the burglary was committed within a dwelling. See K.S.A. 2018 Supp. 21-5807(a)(1) and (c)(1)(A)(i). However, whether Henderson's Mississippi burglary was committed within a dwelling is not at issue in this appeal.

Kansas' sentencing statutes also address out-of-state convictions in classifying the offender's criminal history in K.S.A. 2018 Supp. 21-6811(e), which provides in part:

5

"(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

(2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction.

. . . .

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

We again note that the 2019 Kansas Legislature amended K.S.A. 21-6811. L. 2019, ch. 59, § 13. But the Legislature did not express any intent that the 2019 amendment to this section shall be construed and applied retroactively. Neither party has argued that the 2019 amendment to K.S.A. 21-6811 applies to Henderson's case, so we will not address the amendment in this opinion.

In our memorandum opinion on May 31, 2019, we applied the holding in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), to determine the meaning of the term "comparable offense" in K.S.A. 2018 Supp. 21-6811(e)(3). In *Wetrich*, our Supreme Court held that "for an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime." 307 Kan. at 562. Essentially, "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. The *Wetrich* court emphasized that its decision was based solely on statutory construction. 307 Kan. at 558. Based on the purposes and objectives of the sentencing guidelines, the court found that the identical-or-narrower test to determine comparable offenses is what the Kansas Legislature originally intended when it passed the KSGA in 1993. 307 Kan. at 561-62.

6

The State has never challenged Henderson's claim that the applicable Mississippi burglary statute is broader than Kansas' burglary statute in effect when Henderson committed his current crime of conviction. So applying *Wetrich*, we found that Henderson's Mississippi burglary conviction should be classified as a nonperson felony because there was no comparable offense in Kansas. *Henderson*, 2019 WL 2306621, at *3.

But the State's main argument in its original briefing was that our Supreme Court's decision in *Wetrich* was a "change in the law" that occurred after Henderson's sentence was pronounced on January 7, 2015. As a result, the State argued that Henderson's sentence was not illegal under the 2017 amendment to K.S.A. 22-3504(3), which provides that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

We at first rejected the State's argument, relying on this court's decision in *State v. Smith*, 56 Kan. App. 2d 343, 430 P.3d 58 (2018), *petition for rev. filed* September 26, 2018. In *Smith*, this court held that the Kansas Supreme Court's decision in *Wetrich* was not a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence in K.S.A. 22-3504(3). 56 Kan. App. 2d at 354. Based on our finding that the holding in *Wetrich* was not a change in the law that occurred after Henderson was sentenced, and the court's reasoning in *Wetrich* that the identical-or-narrower test for comparable offenses is what the Legislature always intended, we found that his sentence was illegal on the date it was imposed because of the incorrect criminal history score. So we vacated Henderson's sentence and remanded for resentencing with directions to classify the Mississippi burglary conviction as a nonperson felony. *Henderson*, 2019 WL 2306621, at *3-4.

7

The State is now asking us to reconsider our ruling based on our Supreme Court's decision in *Newton*, issued after we filed our original memorandum opinion on May 31, 2019. Actually our Supreme Court has recently filed three significant opinions affecting whether Henderson's sentence is illegal, and we will address each decision in detail.

We start with *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). When Jimmy Lee Murdock was originally sentenced for his 2008 crimes, the district court classified his pre-KSGA out-of-state robberies as person offenses by referring to the existing comparable Kansas offense. But in *State v. Murdock*, 299 Kan. 312, 313, 319, 323 P.3d 846 (2014) (*Murdock I*), our Supreme Court reversed and remanded, holding that when calculating a defendant's criminal history that includes pre-KSGA out-of-state convictions, the out-of-state convictions must be classified as nonperson offenses. The district court resentenced Murdock and his lower criminal history score led to a lesser sentence.

Six months later, our Supreme Court decided *State v. Keel*, 302 Kan. 560, Syl. ¶ 8, 357 P.3d 251 (2015), overruling *Murdock I* and holding that when classifying a prior out-of-state conviction as a person or nonperson offense, "[t]he comparable post-KSGA Kansas criminal statute is the one in effect at the time the current crime of conviction was committed." *Murdock II*, 309 Kan. at 587. Also in 2015, the Kansas Legislature amended K.S.A. 21-6811(e) to clarify that the classification of prior out-of-state convictions as person or nonperson offenses must be based on the comparable Kansas offense in effect when the current crime of conviction was committed. L. 2015, ch. 5, § 2(e). The Legislature expressed its intent that the amendment was procedural in nature and shall be construed and applied retroactively. L. 2015, ch. 5, § 2(j). *Murdock II*, 309 Kan. at 587-88.

The State then moved to correct the illegal sentence in Murdock's case, arguing that under *Keel* and the 2015 legislation, Murdock's prior out-of-state crimes were person

felonies. Murdock asserted that the law-of-the-case doctrine precluded finding his sentence illegal and that his new sentence, legal when imposed, could not somehow become illegal based on *Keel* and the new legislation, which he characterized as changes in the law.

The district court granted the State's motion and sentenced Murdock for the third time, reinstating his original sentence. Murdock appealed and while his appeal was pending, the 2017 Kansas Legislature amended K.S.A. 22-3504(3) to include the language: "'A sentence is not an "illegal sentence" because of a change in the law that occurs after the sentence is pronounced.'" *Murdock II*, 309 Kan. at 589. Murdock argued that the new legislation applied retroactively, so *Keel* could not render his second sentence illegal. Also while Murdock's appeal was pending, our Supreme Court decided *Wetrich*, holding that for an out-of-state crime to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime to which it is being compared. *Murdock II*, 309 Kan. at 589. Murdock argued that under *Wetrich*, there were no Kansas crimes comparable to his out-of-state crimes, so his out-of-state crimes must be classified as nonperson offenses.

Our Supreme Court identified the "threshold question" in *Murdock II* as: "[C]an a once legal sentence become illegal when the law changes?" 309 Kan. at 589. The court did not try to address Murdock's arguments about the 2017 amendment to K.S.A. 22-3504 or the holding in *Wetrich*. But after discussing some of its prior decisions on the meaning of an illegal sentence under K.S.A. 22-3504, the court held:

> "[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore,

9

for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

The *Murdock II* court determined that Murdock's second sentence was legally imposed in accordance with the *Murdock I* mandate and that its legality was not affected by the later change in the law in *Keel*. 309 Kan. at 593. Thus, the *Murdock II* court reversed and remanded, directing the district court to reinstate Murdock's second sentence. 309 Kan. at 593.

Less than two months later, after we filed our memorandum opinion on May 31, 2019, our Supreme Court decided *Newton*, 309 Kan. ___, 2019 WL 2306621. Clyde Newton was sentenced before *Murdock I* and his criminal history score was based in part on a 1977 California robbery conviction that the district court classified as a person felony. After our Supreme Court issued *Murdock I*, Newton moved to correct an illegal sentence, arguing that his California robbery conviction should have been classified as a nonperson crime. The district court disagreed, finding that *Murdock I* was not retroactive. While Newton's appeal was pending before this court, *Keel* overruled *Murdock I*.

Our court affirmed Newton's sentence, holding that his 1977 California robbery conviction was correctly classified as a person felony because in Kansas, at the time of Newton's current crime of conviction—the appropriate test under *Keel*—robbery was a person offense and, although California's robbery statute is broader than Kansas' robbery statute, the crimes were similar enough that they were comparable. *Newton*, 2019 WL 2399484, at *2. While Newton's petition for review was pending, our Supreme Court decided *Wetrich*. The State argued before our Supreme Court that *Wetrich* was a change in the law, so it had no effect given the 2017 amendment to K.S.A. 22-3504 stating that changes in the law do not render a sentence illegal. Newton argued that *Wetrich* was not a change in the law so that the holding in that case controlled his sentence.

10

The *Newton* court did not resolve these arguments but instead relied on its recent holding in *Murdock II* that under K.S.A. 22-3504, the legality of a sentence is controlled by the law in effect when the sentence was pronounced. *Newton*, 2019 WL 2399484, at *3. The court affirmed Newton's sentence, holding that when he was sentenced,

"Kansas caselaw construed [the statute classifying prior out-of-state convictions] to mean '[f]or purposes of determining criminal history, the offenses need only be comparable, not identical.' '[T]he comparable offense' was 'the closest approximation' to the out-of-state crime. In *Murdock II*'s wake, [Newton] cannot argue *Wetrich* makes his sentence, which was legal when it was imposed, illegal. [Citations omitted.]" 2019 WL 2399484, at *3.

One week after its decision in *Newton*, our Supreme Court decided *State v. Weber*, 309 Kan. ___, ___ P.3d ___ (No. 113,472, 2019 WL 2479316, filed June 14, 2019). Weber pled guilty to attempted robbery in 2007, and his criminal history included Michigan convictions from 1976 and 1979. The district court scored the Michigan convictions as person felonies. Like Newton, after *Murdock I*, Weber moved to correct illegal sentence, arguing that his pre-KSGA Michigan convictions should have been scored as nonperson offenses. The district court denied the motion.

While Weber's appeal was pending before our court in 2015, the Kansas Supreme Court issued *Keel*. Thus, as we did in Newton's appeal, this court affirmed Weber's sentence, holding that the Michigan crimes were similar enough to the Kansas crimes to be classified as person crimes, despite Weber's assertion that the Michigan statute was broader. *Weber*, 2019 WL 2479316, at *2. While Weber's petition for review was pending, our Supreme Court decided *Wetrich*, and Weber asserted in a supplemental brief that *Wetrich* rendered his sentence illegal. The State did not respond to the argument or file a supplemental brief. But after review was granted and the briefing deadlines passed, it submitted a Rule 6.09 (2019 Kan. S. Ct. R. 39) letter noting the 2017 legislative amendment to K.S.A. 22-3504 and argued that the amendment precluded application of *Wetrich*.

11

Our Supreme Court first held that the State had waived its statutory preclusion argument by failing to timely assert it in a supplemental brief. *Weber*, 2019 WL 2479316, at *4. The *Weber* court then applied *Murdock II* and, for the first time, expressly stated that "*Wetrich* was a change in the law as contemplated by *Murdock II*." 2019 WL 2479316, at *4. The court observed that "[b]efore *Wetrich*, no Kansas case construed the term 'comparable' as used in [the applicable Kansas statutes for determining criminal history], to incorporate the identical-or-narrower requirement." 2019 WL 2479316, at *4. The *Weber* court noted that prior Kansas caselaw had construed the statutes to mean that an out-of-state crime need only be comparable, not identical to the Kansas crime, and "*Wetrich* substituted the statute's new interpretation for the old one." 2019 WL 2479316, at *4. So under *Murdock II*, because Weber's sentence was legal when it was imposed, the court rejected Weber's claim that his sentence was now illegal. 2019 WL 2479316, at *5. The *Weber* court did not mention or discuss the court's reasoning in *Wetrich* that its decision in that case was based solely on statutory construction and that the identical-or-narrower test to determine comparable offenses is what the Kansas Legislature originally intended when it passed the KSGA in 1993. See *Wetrich*, 307 Kan. at 561-62.

Based on the holdings in *Murdock II*, *Newton*, and *Weber*, it is clear that this court erred when we found in our original memorandum opinion that our Supreme Court's decision in *Wetrich* was not a change in the law within the meaning of the definition of an illegal sentence in K.S.A. 2018 Supp. 22-3504(3). Because *Wetrich* changed the law, the State now asserts that Henderson received a legal sentence on January 7, 2015, and that sentence does not become illegal based on the holding in *Wetrich*.

In his response to the State's motion, Henderson first argues that we should not consider the State's new arguments because the State did not make the arguments in its original briefing. He cites an unpublished decision from our court for the proposition that a motion to reconsider is not a place to raise new issues or obtain a second chance to

12

present a stronger case. He argues that the State failed to raise the specific issue decided in *Newton* in its brief, so it may not raise the issue for the first time in its motion. Finally, he points out the State's motion fails to argue that Henderson's Mississippi burglary conviction is comparable to any Kansas crime under the applicable law in *Newton*.

We reject Henderson's procedural arguments because the State's motion for modification is mainly based on Kansas Supreme Court decisions issued after we filed our memorandum opinion on May 31, 2019. This is not a situation like in *Weber* where our Supreme Court found that the State had waived an argument for failure to timely file a supplemental brief. It would be untenable for this court to remand Henderson's case to the district court for resentencing with directions to classify the Mississippi burglary conviction as a nonperson felony if, according to the most recent Kansas Supreme Court precedent, the Mississippi burglary conviction was properly classified as a person felony. And although the State has provided no comparable offense analysis in its motion for modification, this issue presents a question of law that we can resolve by applying the applicable Kansas law to Henderson's sentence on the date the sentence was imposed.

Second, turning to the merits, Henderson argues that even if we apply the new law, his 2005 Mississippi conviction of burglary of a dwelling should still be classified as a nonperson felony. Henderson correctly points out that we need to decide whether his sentence was legal when it was pronounced on January 7, 2015. So we will now proceed to decide that question based on the law in effect at that time.

On January 7, 2015, K.S.A. 2014 Supp. 21-6811 governing the determination of an offender's criminal history classification stated in pertinent part:

> "(e) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history. . . . The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable

13

offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

Henderson was sentenced before *Keel* was decided and before the 2015 Kansas Legislature amended K.S.A. 21-6811(e) to clarify that the classification of out-of-state convictions as person or nonperson offenses must be based on the comparable Kansas offense "in effect when the current crime of conviction was committed." See *Keel*, 302 Kan. 560, Syl. ¶ 8; L. 2015, ch. 5, § 2(e). Instead, when Henderson was sentenced, Kansas courts applied the rule in *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010), that when calculating a defendant's criminal history that includes out-of-state convictions, "the comparable offenses in Kansas shall be determined as of the date the defendant committed the out-of-state crimes." Our record does not reflect the date that Henderson *committed* burglary of a dwelling in Mississippi, but the PSI report in the record shows that he was convicted under Miss. Code Ann. § 97-17-23 (2005). Henderson agrees this is the applicable statute for his Mississippi conviction.

Henderson argues that under *Williams*, we should compare the 2005 Mississippi burglary of a dwelling statute with the comparable offense in Kansas in 2005. But we note that the result would be the same even if we compare the 2005 Mississippi burglary of a dwelling statute with the comparable offense in Kansas in effect on September 13, 2012, the date Henderson committed his current crime of conviction. The definition of burglary of a dwelling did not change in Kansas from 2005 to 2012, and in each instance the crime was classified as a person felony. Compare K.S.A. 21-3715(a) (Furse 1995) with K.S.A. 2012 Supp. 21-5807(a)(1), (c)(1)(A). In fact, the definition of burglary of a dwelling has not changed in Kansas since the KSGA went into effect in 1993, and the crime has always been classified as a person felony. See K.S.A. 1993 Supp. 21-3715(a).

As Henderson acknowledges, when he was sentenced Kansas caselaw construing the statutory term "comparable offenses" made it clear that "the offenses need only be

14

comparable, not identical," and that the comparable Kansas offense was "the closest approximation" to the out-of-state crime. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). Relying on *Vandervort*, this court interpreted "comparable" to mean "similar in nature and cover a similar type of criminal conduct." *State v. Barajas*, 43 Kan. App. 2d 639, Syl. ¶ 2, 230 P.3d 784 (2010).

So applying *Williams* and *Vandervort* as Henderson argues, we will compare the 2005 Mississippi burglary of a dwelling statute with the comparable offense in Kansas in 2005. Under Miss. Code Ann. § 97-17-23 (2005), burglary of a dwelling is "breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein." In 2005, the Kansas burglary statute provided: "Burglary is knowingly and without authority entering into or remaining within any: (a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715(a) (Furse 1995). Burglary of a dwelling was person crime in Kansas in 2005. K.S.A. 21-3715 (Furse 1995).

Henderson argues that the 2005 Mississippi burglary of a dwelling statute is not comparable to K.S.A. 21-3715(a) (Furse 1995) under the *Vandervort* test for comparable offenses. He points out that the Mississippi burglary statute is broader than the Kansas burglary statute as to the intent requirement because the Mississippi statute prohibits entry into a dwelling to commit any crime while the Kansas statute only prohibits entry into a dwelling to commit a felony, theft, or sexual battery. He also argues that the Mississippi burglary statute is broader than the Kansas burglary statute because (1) there is no requirement in Mississippi that the burglary must be committed without authority and (2) the Mississippi burglary statute prohibits breaking into a room within the dwelling house, while the Kansas burglary statute has no similar proscription.

15

Henderson's arguments all go to the fact that the elements of the Mississippi burglary statute are broader than the elements of the Kansas statute. But he can only avail himself to these arguments if we were using the *Wetrich* test to define comparable offenses. As we have already found, the *Wetrich* test does not apply to Henderson's case because the holding in *Wetrich* was a change in the law that occurred after Henderson was sentenced. Under *Vandervort*, the offenses need only be comparable, not identical. 276 Kan. at 179. Based on our review, K.S.A. 21-3715(a) (Furse 1995) is the "closest approximation" in Kansas to the 2005 Mississippi burglary of a dwelling statute. See *Vandervort*, 276 Kan. at 179. The two statutes define crimes that are similar in nature and cover a similar type of criminal conduct. *Barajas*, 43 Kan. App. 2d 639, Syl. ¶ 2.

We find that Henderson's 2005 Mississippi conviction of burglary of a dwelling is comparable to a conviction of burglary of a dwelling under the Kansas burglary statute in effect in 2005. Because burglary of a dwelling was a person crime in Kansas in 2005, we conclude the district court correctly scored Henderson's 2005 Mississippi conviction of burglary of a dwelling as a person felony. As we said before, the result would be the same even if we compared the 2005 Mississippi burglary of a dwelling statute with the comparable offense in Kansas in effect on the date Henderson committed his current crime of conviction. Henderson's sentence was legal when it was pronounced and does not become illegal based on the holding in *Wetrich*. As a result, we reject Henderson's claim that his sentence is illegal under K.S.A. 2018 Supp. 22-3504.

Affirmed.

16