NOT DESIGNATED FOR PUBLICATION

Nos. 119,689
119,690

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DION M. CANADY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed February 7, 2020. Sentences vacated and cases remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: Defendant Dion M. Canady appeals the sentences the Sedgwick County District Court imposed on him in two cases that we have consolidated on appeal. He contends the district court impermissibly aggregated three Iowa misdemeanor convictions as the equivalent of a person felony to establish his criminal history for sentencing purposes. The State correctly concedes the error. We, therefore, vacate the sentences and remand for resentencing.

Under an agreement with the State, Canady pleaded guilty to possession of cocaine and to theft after a previous conviction. The district court sentenced Canady on May 31, 2018, and determined he had a criminal history score of B, based in part on convictions for three misdemeanors in Iowa. The district court treated those misdemeanors as the equivalent of a person felony for criminal history purposes. See K.S.A. 2018 Supp. 21-6811(a) (three class A or B person misdemeanors treated as person felony in determining defendant's criminal history); K.S.A. 2018 Supp. 21-6811(e) (out-of-state convictions comparable to offenses under Kansas criminal code included in establishing criminal history category). The district court then sentenced Canady to prison for 24 months on the drug conviction, reflecting a downward durational departure, to be served concurrent with a 13-month sentence on the theft conviction. Canady has appealed.

For his only issue on appeal, Canady contends the district court erred in treating the Iowa misdemeanors as the equivalent of a person felony, thereby placing him in criminal history category B. A sentence based on an erroneous criminal history category is illegal and may be corrected at any time under K.S.A. 2018 Supp. 22-3504(1). *State v. Murdock*, 309 Kan. 585, 590, 439 P.3d 307 (2019). The propriety of a sentence for purposes of K.S.A. 2018 Supp. 22-3504(1) is to be determined under the law in effect when the district court imposes the sentence. 309 Kan. at 591.

Before Canady's sentencing, the Kansas Supreme Court held that an out-of-state conviction could be comparable to a Kansas crime for criminal history purposes only if its elements were the same as or narrower than the elements of the Kansas crime. *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). On appeal, the State concedes two of the three Iowa misdemeanors used in setting Canady's criminal history do not conform to the rule in *Wetrich* and are broader than the corresponding Kansas crime. Based on the relevant criminal statutes in Iowa and Kansas, the concession appears to be a wise one.

And the concession effectively disposes of Canady's appeal. We are required to vacate the sentences and send the cases back to the district court for resentencing.

The State offers two rejoinders we quickly dispatch. First, the State contends and explains at some length why *Wetrich* was wrongly decided. As the State acknowledges, we are obligated to apply *Wetrich* as controlling Kansas Supreme Court authority. The argument has been presented here, since we are a way station on an appellate journey the State hopes will include a merits argument in that court. Second, the State says Canady has other criminal convictions that can substitute for the now discarded Iowa misdemeanors. That may be true. But the record on appeal doesn't directly support that proposition. The legal effect of those convictions in determining Canady's criminal history category must be left for the district court in the first instance.

Sentences vacated and cases remanded to the district court for resentencing.