NOT DESIGNATED FOR PUBLICATION

No. 119,538

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL DEAN BASTON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion on remand filed November 6, 2020. Reversed and remanded with instructions.


*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.


*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., BUSER, and BURGESS, S.J.


PER CURIAM: This case returns to us on remand from the Kansas Supreme Court. We previously issued our opinion in this case on October 18, 2019. See *State v. Baston*, No. 119,538, 2019 WL 5287914 (Kan. App. 2019) (unpublished opinion). Based on its recent decision in *State v. Harris*, 311 Kan. 816, 467 P.3d 504 (2020), the Kansas Supreme Court summarily vacated the portions of our previous opinion relating to K.S.A. 2019 Supp. 21-6304(c) and directed us to reconsider Baston's conviction for criminal possession of a weapon by a felon. In light of the holding in *Harris*, we conclude that Baston's conviction of criminal possession of a weapon by a felon must be reversed.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were set forth in our previous opinion and will not be repeated here. See *Baston*, 2019 WL 5287914, at 1-3. In our earlier opinion, we affirmed Russell D. Baston's convictions of theft, criminal possession of a weapon by a felon, and interference with law enforcement officers. In doing so, we rejected his challenges to the constitutionality of K.S.A. 2019 Supp. 21-6304. We also found that there was sufficient evidence presented at trial to establish that Baston possessed a weapon—specifically a machete—at the time of his arrest. Subsequently, Baston filed a petition for review with the Kansas Supreme Court.

While Baston's petition for review was pending, the Kansas Supreme Court decided *Harris*, which found the residual clause of K.S.A. 2019 Supp. 21-6304(c)(1) to be unconstitutionally vague. See 311 Kan. at 817. On September 29, 2020, our Supreme Court summarily vacated those portions of our opinion finding that K.S.A. 2019 Supp. 21-6304(c) was constitutional and that sufficient evidence supported Baston's conviction for criminal possession of a weapon by a felon. Further, we were ordered to reconsider Baston's conviction for criminal possession of a weapon in light of *Harris*. The following day, we issued an order granting leave to the parties to file supplemental briefs if they desired to do so. On October 13, 2020, Baston filed a supplemental brief. However, the State opted not to file a supplemental brief.

ANALYSIS

In *Harris*, the Kansas Supreme Court held that the residual clause of K.S.A. 2019 Supp. 21-6304—which made it illegal for a felon to possess "any other dangerous or deadly cutting instrument of like character"—"is unconstitutionally vague because it fails to provide an explicit and objective standard of enforcement." 311 Kan. 816, Syl.; see K.S.A. 2019 Supp. 21-6304(c)(1). Our Supreme Court explained that this portion of the

statute was facially unconstitutional because it fails to "'convey sufficient clarity to those who apply the ordinance standards to protect against arbitrary and discrimination enforcement.'" 311 Kan. at 824 (citing *City of Lincoln Center v. Farmway Co-Op, Inc.*, 298 Kan. 540, 549, 316 P.3d 707 [2013]). As the parties are aware, we are duty bound to follow the precedent established by the Kansas Supreme Court. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

In this case, Baston was convicted of possessing a machete. *Baston*, 2019 WL 5287914, at *2-3. Although we continue to believe that a machete is a knife—and we think that even Crocodile Dundee would agree—we recognize that it is not always "easy" to determine whether an object falls within the residual clause of K.S.A. 2019 Supp. 21-6304. See *Harris*, 311 Kan. at 816 (citing *Crocodile Dundee* [Rimfire Films 1986] ["That's not a knife . . . *That's* a knife."]). Nevertheless, determining the types of objects that should be illegal to possess is a matter of public policy best left to the Kansas Legislature rather than the courts. See *In re Marriage of Hall*, 295 Kan. 776, 784, 286 P.3d 210 (2012).

Here, the State expressly asked the jury to return a conviction under the residual clause of K.S.A. 2019 Supp. 21-63045(c)(1). In particular, it was argued by the State during closing arguments:

> "What do they all have? A handle and some sort of blade, be it pointy—I mean, that's what all these different definitions—you can use your common sense and life experience, and they've got sharp edges. *Any other dangerous or deadly cutting instrument of like character*." (Emphasis added.)

Likewise, the State argued on appeal that the machete was a "dangerous or deadly cutting instrument of like character." Furthermore, in our previous opinion, we determined "that a reasonable finder of fact could conclude that a machete is a dangerous and potentially deadly cutting instrument." *Baston*, 2019 WL 5287914, at *5.

Because the Kansas Supreme Court has found the residual clause of K.S.A. 2019 Supp. 21-6304(c)(1) to be unconstitutionally vague, we must reverse Baston's conviction for criminal possession of a weapon by a felon. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) ("[A] defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending."). We also note that in *Harris*, the Kansas Supreme Court reversed Harris' conviction and "remanded to the district court with instructions to dismiss the charge of criminal possession of a weapon by a convicted felon." 311 Kan. at 826. Under the circumstances presented, we find that same remedy to be appropriate in this case. Finally, in light of our decision to reverse Baston's conviction for possession of a weapon by a convicted felon, it is not necessary for us to address the sufficiency of the evidence issue.

CONCLUSION

For these reasons, we reverse Baston's conviction for criminal possession of a weapon by a convicted felon and remand this matter to the district court with instructions to dismiss this charge. Nothing in this opinion shall have an impact on Baston's theft and interference with a law enforcement officer convictions that were affirmed in our previous opinion.