IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,050

STATE OF KANSAS,
*Appellee*,

v.

LLOYDE DUBRY,
*Appellant.*

SYLLABUS BY THE COURT

1.

The Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq., uses prior out-of-state convictions when calculating a person's criminal history. Under the Act, the State classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code. If the code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

2.

The legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. Therefore, a sentence that was legal when pronounced does not become illegal if the law subsequently changes.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 26, 2016. Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed June 28, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Clayton J. Perkins*, of Capital Appellate Defender Office, and *Joanna Labastida*, of Kansas Appellate Defender Office, were on the briefs for appellant.

1

*Jodi Litfin*, assistant solicitor general, and *Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Lloyde Dubry moved to correct his sentence several years after it was imposed, arguing the sentencing court improperly scored a prior Wyoming conviction as a person crime. The sole issue is whether the Court of Appeals erred in affirming the district court's denial of the motion on the basis that the Wyoming offense's classification was correct. We affirm based on *State v. Murdock*, 309 Kan. 585, Syl., 439 P.3d 307 (2019) (*Murdock II*) (holding sentence that was legal when pronounced does not become illegal if the law subsequently changes).

## FACTUAL AND PROCEDURAL BACKGROUND

Dubry pleaded guilty to kidnapping, a severity level 3 felony. The State alleged the crime occurred on December 6, 2010. The district court accepted the plea and adjudged him guilty. He was sentenced on March 30, 2011.

Dubry's presentence investigation report reflected three prior convictions and recommended that each be scored as a person felony. These were: a pre-1993 Kansas aggravated criminal sodomy conviction; a pre-1993 Kansas aggravated kidnapping conviction; and a 1981 Wyoming conviction for immodest, immoral, or indecent liberties with a child. Based on this, the PSI report recommended an A criminal history score. Defense counsel did not object. Applying the A criminal history score, the district court sentenced Dubry to 233 months' imprisonment.

2

In 2015, Dubry filed a motion to correct his sentence arguing the prior convictions should have been scored as nonperson offenses since they predated the KSGA, relying on *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (*Murdock I*) (prior out-of-state conviction to be compared to Kansas law in effect at time of prior conviction to determine whether prior conviction scored as person or nonperson offense, resulting "in the classification of all out-of-state pre-1993 crimes as nonperson felonies"), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). The district court denied the motion and Dubry timely appealed.

On appeal, Dubry shifted his illegal sentence argument and claimed only that the Wyoming conviction should not have been scored as a person crime because the Wyoming statute is broader than the counterpart Kansas offense. He contended the Wyoming and Kansas offenses could not be deemed comparable without judicial fact-finding that violated his Sixth and Fourteenth Amendment rights under the United States Constitution. See *Descamps v. United States*, 570 U.S. 254, 260-61, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (holding prior conviction can qualify as predicate offense for sentencing enhancement under federal Armed Career Criminal Act only if offense's elements are identical to or narrower than elements of generic offense); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 348, 147 L. Ed. 2d 435 (2000) (holding facts that increase maximum penalty for crime, other than prior convictions, must be submitted to jury and proved beyond a reasonable doubt).

A Court of Appeals panel affirmed, holding the Wyoming conviction was appropriately classified as a person crime. *State v. Dubry*, No. 114,050, 2016 WL 4498520, at *5 (Kan. App. 2016) (unpublished opinion). In the panel's view, the "core conduct outlawed" in the Wyoming statute was the same as that declared to be a person offense in Kansas' indecent liberties with a child statute. 2016 WL 4498520, at *3. It reasoned that in making the person-crime designation, a sentencing court must

3

"compar[e] the prior-conviction statute to the 'comparable offense' in effect in Kansas on the date the current crime was committed. K.S.A. 2015 Supp. 21-6811(e)(3). 'To be comparable, the crimes need only be comparable, not identical.'" 2016 WL 4498520, at *2. Moreover, it reasoned,

> "under [*State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003)] and [*State v. Williams*, 299 Kan. 870, 326 P.3d 1070 (2014)], which remain good law, when a Kansas court determines whether a prior out-of-state conviction is for a person offense, no factfinding is required—the court simply examines the relevant statutes and determines whether the crime is comparable to a Kansas offense or not." 2016 WL 4498520, at *5.

We granted Dubry's timely petition for review and ordered the parties to explain whether we should summarily vacate the panel's decision and remand to the district court in light of *State v. Wetrich*, 307 Kan. 552, 561, 412 P.3d 984 (2018) (holding that to be "comparable" under 21-6811, "the out-of-state crime cannot have broader elements than the Kansas reference offense"). Dubry argues *Wetrich* should apply.

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

DISCUSSION

A criminal sentence's legality is judged by the law at the time it was pronounced. *Murdock II*, 309 Kan. at 591. When Dubry was sentenced, prior out-of-state crimes did not need to be identical to their Kansas counterparts to be classified as person crimes. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2013).

At the time of Dubry's offense, the KSGA provided:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. *The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to.* If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." (Emphasis added.) K.S.A. 21-4711(e).

Under the Wyoming statute forming the basis of Dubry's 1981 conviction, Wyo. Stat. Ann. § 14-3-105 (1978):

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

At the time of Dubry's current crime, Kansas' indecent liberties statute provided:

"(a) Indecent liberties with a child is engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:

5

(1) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or

(2) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another.

"(b) It shall be a defense to a prosecution of indecent liberties with a child as described in subsection (a)(1) that the child was married to the accused at the time of the offense.

"(c) Indecent liberties with a child is a severity level 5, person felony." K.S.A. 21-3503.

Dubry's argument is that the person-crime classification based on the Wyoming statute's similarities to the Kansas statute was improper because the Wyoming statute "criminalizes a broader (and nearly undefined) range of conduct than any Kansas offense, including acts that would be legal in Kansas." But under *Vandervort*, this argument would be unavailing. See *Vandervort*, 276 Kan. at 179 (rejecting argument that Virginia crime that lacked nonconsent element required to be guilty of Kansas person offense rendered crimes incomparable). Any viability to Dubry's argument turns on whether the new rule announced in *Wetrich* applies to his sentence. But we have determined already that it does not apply. See *State v. Newton*, 309 Kan. __, 2019 WL 2399484, at *3 (No. 116,098, filed June 7, 2019) (holding defendant sentenced before *Wetrich* could not rely on *Wetrich* in motion to correct an illegal sentence); see also *State v. Weber*, 309 Kan. __, 2019 WL 2479316, at *4-5 (No. 113,472, filed June 14, 2019) (holding motion to correct a sentence that was imposed before *Wetrich* decision was governed by the law in effect at time of sentence).

"[F]or purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." *Murdock II*, 309 Kan. at 591. In *Weber*, we held:

> "*Wetrich* was a change in the law as contemplated by *Murdock II*. See *Murdock II*, 309 Kan. at 592 ('[T]rue changes in the law cannot transform a once legal sentence into an illegal sentence, but developments in the law may shine new light on the original question of whether the sentence was illegal when pronounced.'). Before *Wetrich,* no Kansas case construed the term 'comparable' as used in K.S.A. 2018 Supp. 21-6811(e)(3), formerly K.S.A. 21-4711(e), to incorporate the identical-or-narrower requirement. *Vandervort* rejected such a construction when it reviewed a defendant's claim that an out-of-state offense and a Kansas offense could not be comparable since the out-of-state offense was broader, i.e., did not contain a lack-of-consent element required to commit the Kansas crime. See 276 Kan. at 178-79 ('Vandervort confuses the term 'comparable' with the concept of identical elements of the crime.'). *Wetrich* substituted the statute's new interpretation for the old one. 307 Kan. at 562" *Weber*, 2019 WL 2479316, at *4.

The legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. Therefore, a sentence that was legal when pronounced does not become illegal if the law subsequently changes. Since *Wetrich* announced a change in the law and Dubry was sentenced before *Wetrich* was decided, *Murdock II* bars *Wetrich*'s application to Dubry's motion to correct his sentence.

Affirmed.