NOT DESIGNATED FOR PUBLICATION

Nos. 118,401
118,402
118,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD L. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion on remand filed November 15, 2019. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM:  This case, remanded by the Kansas Supreme Court, requires us to revisit the classification of Harold L. Lewis' criminal history. Applying the law that was in effect at the time of Lewis' sentencing, we find that his Texas conviction in 1978 for burglary of a habitation is comparable to the Kansas crime of residential burglary, a person crime. Because the district court correctly classified his criminal history, we affirm.

1

*Factual and Procedural Background*

Harold L. Lewis pleaded guilty to possession of cocaine in case No. 05 CR 3213 for a crime he committed in August 2005. At the same plea hearing, he pleaded no contest to forgery in case No. 06 CR 247, committed in January 2006. In case No. 07 CR 428, Lewis pleaded no contest to aggravated battery, criminal possession of a firearm, and aggravated escape from custody, committed in February 2007. The district court sentenced Lewis in 2007 in all three cases using a criminal history score of B. That score was based in part on Lewis' 1978 Texas conviction for burglary of a habitation, which the district court scored as a person felony.

In 2014, Lewis moved to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), arguing that the district court should have classified his pre-1993 person convictions as nonperson convictions. The district court denied that motion and held that *Murdock* did not apply retroactively to Lewis' cases. Lewis appealed, arguing that the district court imposed an illegal sentence by erroneously classifying his 1978 Texas burglary of a habitation conviction as a person felony under *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). *State v. Lewis*, No. 113,438, 2016 WL 1546133 (Kan. App. 2016) (unpublished opinion).

A panel of this court agreed with the State that Texas' definition of habitation fit within Kansas' definition of dwelling, but we reversed and remanded the case anyway. We directed the district court: (1) to review court documents from the 1978 case and determine whether the prior conviction involved burglary of a habitation; and (2) to determine whether Texas' 1978 burglary statute was comparable to the Kansas burglary statute in effect when Lewis committed his current crimes of conviction. *Lewis*, 2016 WL 1546133, at *5.

2

At the hearing on remand, Lewis argued that the district court should score his 1978 Texas conviction as a nonperson felony because the facts showed his crime involved a separate garage without an entrance to the house. The district court rejected that argument, determined that Lewis' Texas burglary involved a crime comparable to Kansas' person burglary, and found it was properly scored as a person crime. Lewis appealed. All three cases were consolidated on appeal.

Lewis argued to a second panel of this court that his sentence was illegal because the district court had erroneously classified his 1978 Texas burglary conviction as a person felony. He contended that Texas' burglary of a habitation was not comparable to Kansas' burglary of a dwelling because Texas' definition of habitation was broader than Kansas' definition of dwelling, encompassing both nondwelling buildings or structures and unenclosed property that would not constitute burglary of a dwelling in Kansas.

We agreed, applying *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). That case held that for an out-of-state conviction to be comparable to a Kansas crime under K.S.A. 2017 Supp. 21-6811(e)(3), the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime to which it is being compared. *Wetrich*, 307 Kan. 552, Syl. ¶ 3. Yet that construction of the statute was contrary to the way the court had analyzed the statute in the past. See, e.g., *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) ("comparable offense" means "the offenses need only be comparable, not identical") (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by Dickey*, 301 Kan. 1018 [2015]).

We held that the elements of Lewis' 1978 Texas burglary of a habitation conviction were broader than and thus not comparable to the elements of his Kansas burglary. *State v. Lewis*, No. 118,401, 2018 WL 6711263, at *5 (Kan. App. 2018) (unpublished opinion). The State petitioned for review and the Kansas Supreme Court granted that petition. On review, the Kansas Supreme Court summarily vacated our

3

decision and "remand[ed] this matter to the Court of Appeals for consideration in light of *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019); *State v. Newton*, 309 Kan. 1070, 442 P.3d 489 (2019); and *State v. Dubry*, 309 Kan. 1229, 444 P.3d 328 (2019)." We now consider Lewis' argument in light of those cases.

*Analysis*

*Weber*, *Newton*, and *Dubry* were decided the same day. They held that *Wetrich* was a change in the law and that a subsequent change in law regarding consideration of prior out-of-state convictions does not render a sentence, which was legal when imposed, illegal for purposes of a collateral attack. Those cases underscored *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II* ), which held:

> "[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

Thus our prior decision erred in applying *Wetrich*. We must determine the legality of Lewis' sentence under K.S.A. 22-3504 by the law in effect at the time his sentence was pronounced—2007, not based on *Wetrich*, decided in 2018.

Under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq., a district court must classify each prior out-of-state conviction as a "person" or "nonperson" crime. K.S.A. 21-4711(e) provides:

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony

4

or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. *In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime.* Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." (Emphasis added.)

In 2007, when Lewis was sentenced, Kansas caselaw construed this statute to mean "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical." *Vandervort*, 276 Kan. at 179. "'[T]he comparable offense' was 'the closest approximation' to the out-of-state crime. 276 Kan. at 179." *Weber*, 309 Kan. at 1206.

As *Weber* makes clear, the "closest approximation" test controlled the determination of comparability for purposes of criminal history until *Wetrich* was decided in 2018.

> "Before *Wetrich*, no Kansas case construed the term 'comparable' as used in K.S.A. 2018 Supp. 21-6811(e)(3), formerly K.S.A. 21-4711(e), to incorporate the identical-or-narrower requirement. *Vandervort* rejected such a construction when it reviewed a defendant's claim that an out-of-state offense and a Kansas offense could not be comparable since the out-of-state offense was broader, i.e., did not contain a lack-of-consent element required to commit the Kansas crime. See 276 Kan. at 178-79 ('Vandervort confuses the term "comparable" with the concept of identical elements of the crime.'). *Wetrich* substituted the statute's new interpretation for the old one. See 307 Kan. at 562." 309 Kan. at 1209.

5

Thus in *Weber*, as in *Newton* and *Dubry*, the legality of the defendant's sentence was determined by the comparability test applied in *Vandervort*, not the identical elements test imposed later by *Wetrich*.

"Under the law at the time of Weber's sentencing, as he concedes, '[f]or purposes of determining criminal history, the offenses need only be comparable, not identical.' *Vandervort*, 276 Kan. at 179. In *Murdock II* 's wake, he cannot argue *Wetrich* makes his sentence, which was legal when it was imposed, illegal. See *State v. Newton*, 309 Kan. 1070, 1073-74, 442 P.3d 489 (2019)." *Weber*, 309 Kan. at 1209.

*Weber*, *Newton*, and *Dubry* each applied the pre-*Wetrich* closest approximation test and upheld the categorizations of comparable out-of-state crimes as person crimes in Kansas. We apply that same test here.

Lewis was convicted of burglary of a habitation in 1978 under the following Texas statute:

"(a) A person commits an offense if, without the effective consent of the owner, he:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony or theft." Tex. Penal Code Ann. § 30.02.

Kansas' burglary statute in 2007, when Lewis was sentenced for his current crimes, stated:

"Burglary is knowingly and without authority entering into or remaining within any:

6

(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715.

Burglary as described in subsection (a) is a person felony. Burglary as described in subsections (b) and (c) are nonperson felonies. K.S.A. 21-3715.

Lewis' argument is that the person-crime classification based on the Texas statute's similarities to the Kansas statute was improper because the Texas statute criminalizes a broader range of conduct than the Kansas offense. But under *Vandervort*, this argument is unavailing. See 276 Kan. at 179 (rejecting argument that Virginia crime that lacked nonconsent element required to be guilty of Kansas person offense rendered crimes incomparable); see also *Dubry*, 309 Kan. at 1233 (finding the broader range argument unavailing under *Vandervort*). Here, as in *Dubry*, "Any viability to [defendant's] argument turns on whether the new rule announced in *Wetrich* applies to his sentence. But we have determined already that it does not apply." *Dubry*, 309 Kan. at 1232-33.

The Texas statute under which Lewis was charged and convicted identified kindred, though different, forms of burglary—one criminalizing entry into a residence or "habitation" and the other criminalizing entry into other buildings. Burglarizing a habitation, as Lewis did, carried a more severe punishment. Tex. Penal Code Ann. § 30.02(d)(1). And burglary of a building was considered a lesser included offense of burglary of habitation. See *Bartley v. State*, 789 S.W.2d 288, 291-92 (Tex. App. 1990). A defendant in Texas would be indicted for one or the other rather than a generic charge of burglary. 789 S.W.2d at 290-91. Although the language in Tex. Penal Code Ann. §

7

30.02(a) does not draw an especially clear distinction between burglary of a habitation and burglary of a building, they are separate offenses.

Here, the district court had the indictment, the entry of judgment, and other documents from Lewis' 1978 Texas conviction. Those documents all identify the crime as burglary of a habitation. So the district court could rely on those materials to determine the nature of the Texas crime without considering any facts specific to Lewis' conviction, thus comporting with the constitutional limitations on judicial fact-finding laid out in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

In turn, the statutory definition of "habitation" in Tex. Penal Code Ann. § 30.01(1) was comparable to, though marginally broader than, the definition of "dwelling" applicable to K.S.A. 21-3715, criminalizing burglary at the time of Lewis' underlying convictions in this case. See K.S.A. 21-3110(7). The Texas definition included structures "appurtenant to or connected with" the residence, such as a garage. Tex. Penal Code Ann. § 30.01(1)(B). But both the Texas and Kansas statutes aim to deter burglary of residences by more harshly punishing that crime than other forms of burglary. They are "comparable" in that objective and the overarching description of the crime. The minor difference in scope does not negate their close similarity. The district court, therefore, properly treated Lewis' 1978 Texas conviction as comparable to burglary of a dwelling under K.S.A. 21-3715 and, thus, a person felony for criminal history purposes.

The elements of Texas' crime of burglary of a habitation may be broader than the elements of Kansas' crime of residential burglary—under Texas law an unenclosed structure could be a habitation, while under Kansas law a dwelling must be enclosed. And Texas may consider an unattached garage to be a habitation, while Kansas would not consider a garage to be a dwelling. Even so, the two statutes remain comparable as that term was defined before *Wetrich*, at the time of Lewis' 2007 sentencing. Both statutes criminalize the unauthorized entry into a dwelling with intent to commit a felony or theft.

8

The Kansas burglary statute is similar in nature and covers a similar type of criminal conduct as does the Texas burglary of a habitation statute. See *State v. Weber*, No. 113,472, 2016 WL 5867238, at *2 (Kan. App. 2016) (unpublished opinion), *aff'd* 309 Kan. 1203 (reasoning that "the 'essential question'" in making the person/nonperson designation was whether the out-of-state and Kansas offenses being compared are "'similar in nature and cover similar conduct'").

We find K.S.A. 21-3715(a) is the Kansas statute that is the closest approximation to the Texas burglary of a habitation statute. Violation of that Kansas statute is a person offense. Thus, Lewis' Texas burglary must also be scored as a person offense. See K.S.A. 21-4711(e).

Lewis' sentence was legal when it was imposed. *Wetrich* does not render Lewis' sentence, which was legal when it was imposed, illegal. The district court properly scored Lewis' 1978 Texas conviction for burglary of a habitation as a person crime.

Affirmed.